UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albarr Abdullah,<br>*a.k.a. Albert Legare, Albarr-ali Abdullah,*<br><br>                         Plaintiff,<br><br>vs.<br><br>Kela Thomas, Director SCDPPPS;<br>Ms. Hough, KCI Grievance Coordinator;<br>Valerie Suber, Parole Exam Manager;<br>Tommy Evans, SCDPPPS Legal Counsel;<br>Warden Reynolds, of Kershaw;<br>Dennis Paterson, Deputy Director of Operations;<br>Sgt. Wiggins;<br>Lt. Lawery;<br>Lt. Bouie,<br><br>                         Defendants. | C/A No. 2:12-3499-RMG-BHH<br><br><br><br><br><br>Report and Recommendation<br>for Partial Summary Dismissal |

      This is a civil action filed by a state prisoner. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. For the reasons that follow, the undersigned recommends that the District Judge dismiss the following Defendants from this action, without prejudice and without issuance and service of process: Kela Thomas, Director of SCDPPPS; Valerie Suber, Parole Exam Manager; Tommy Evans, SCDPPPS Legal Counsel; and Ms. Hough, KCI Grievance Coordinator. In a separately docketed order, the undersigned has authorized service against the remaining Defendants.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

      Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a)

requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B)(i) and (ii).  As a *pro se* litigant, the Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*).  However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

The Complaint alleges the "denial of parole hearing and eligibility," and unlawful punishment in the Special Management Unit ("SMU").  ECF No. 1, page 2.  Plaintiff claims that his "prior parole hearing dates have always been every two years."  *Id.* at 3.  "When [Plaintiff] was not interviewed for parole within the two year period as usual," he filed an institutional grievance.  *Id.*  Plaintiff received a response, indicating that decisions made by the South Carolina Department of Probation, Parole and Pardon Services ("SCDPPPS") are not under the jurisdiction of the South Carolina Department of Corrections ("SCDC"). *Id.*  Plaintiff sent a letter to SCDPPPS and was informed by attorney Tommy Evans, Jr., that Plaintiff's parole hearing had "been further extended until January 30, 2013."  *Id.* Plaintiff also "forwarded requests and objections" to Kela Thomas, Director of SCDPPPS

2

and Valerie Suber, Parole Examinations Manager for SCDPPPS.  *Id.*  The Complaint indicates that "none of these three Defendants took any type of corrective action."  *Id.*

The Complaint next alleges that, on October 9, 2008, Plaintiff was placed in SMU at Ridgeland Correctional Institution, "which is intensified custody for disciplinary charged and convicted inmates."  *Id.* at 4.  Plaintiff complains that he was never "charged with a disciplinary infraction or any type of notification to support this punishment."  *Id.*  Plaintiff sent letters to, and filed grievances with, Warden Cohen[1] to no avail.  *Id.*  Upon Plaintiff's transfer to Kershaw Correctional Institution, he was again placed in "SMU after only a few days in general population."  *Id.*  Plaintiff sent letters and submitted grievances to Warden Cohen, Warden Reynolds, and Dennis Paterson, Deputy Director of SCDC Operations.  *Id.*  However, "no one replied to [Plaintiff's] complaints of illegal confinement in SMU."  *Id.*  Plaintiff further alleges that he filed several grievances concerning his failure to earn work credits during the confinement.  *Id.* at 4-5. Defendant Hough, "Grievance Coordinator," allegedly returned Plaintiff's grievances, unprocessed.  *Id.* at 5. Plaintiff states that he remained in SMU until November 30, 2011.  *Id.*  The Complaint seeks monetary damages.  *Id.* at 6.

Plaintiff filed an Amended Complaint, alleging an additional claim of denial of court access.  ECF No. 6, page 1. The Amended Complaint claims that, upon Plaintiff's placement in SMU on October 9, 2008,  Sgt. Wiggins, Lt. Lawery, and Lt. Bouie confiscated Plaintiff's legal box.  *Id.*  Plaintiff alleges that the legal box contained "crucial documents to

---

[1] It is noted that Plaintiff did not list Warden Cohen as a Defendant in the caption or "parties" section of the Complaint or Amended Complaint.  Plaintiff also failed to provide complete service documents for Warden Cohen.  Therefore, this individual is not listed on the docket as a defendant in this case.

support [his] reversed sentence on PCR." *Id.* Plaintiff requested his legal material upon his release from SMU, but has been denied access to the legal documents, "which has delayed [Plaintiff's] access to the courts and obstructed the effectivity [sic] of [his] court pleadings. *Id.* at 2.

## DISCUSSION

The Complaint and Amended Complaint are filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff provides sufficient factual information to withstand summary dismissal against Defendants Wiggins, Lawery, and Bouie, for the alleged denial of legal materials and court access. Further, Plaintiff's claims against Defendants Reynolds and Paterson, regarding the alleged denial of due process for a three-year period of SMU placement, are sufficient to withstand initial review. However, Plaintiff's remaining claims are subject to summary dismissal.

First, Plaintiff complains that he has been denied a parole hearing and parole eligibility by Defendants Thomas, Suber and Evans. ECF No. 1 at 2. However, the facts presented in the Complaint indicate that Plaintiff has had regular parole hearings every two

years, and has a parole hearing scheduled for January 30, 2013. *Id.* at 3. Thus, the factual allegations do not support Plaintiff's conclusory statement regarding a denial of parole eligibility. *See Adams v. Rice*, 40 F.3d 72 (4th Cir.1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(dismissal appropriate when plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). In addition, the Constitution does not create a protected liberty interest in the expectation of early release on parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). While it is true that the South Carolina Supreme Court has found that the denial of parole eligibility may implicate a protected liberty interest, *Furtick v. S.C. Dep't of Probation, Parole & Pardon Servs.*, 576 S.E.2d 146, 149 (S.C. 2003), the Complaint *sub judice* provides no indication that the Defendants have denied Plaintiff a parole hearing or parole eligibility. Therefore, Defendants Thomas, Suber, and Evans are entitled to summary dismissal from this case.

Next, the Complaint claims that Defendant Hough failed to process Plaintiff's institutional grievances. ECF No. 1 at 5. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams*, 40 F.3d at 75; *see also Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011); *Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). As Plaintiff's claims against Defendant Hough

5

are not cognizable under 42 U.S.C. § 1983, this Defendant should be summarily dismissed from the action.

Finally, Plaintiff complains that he was unable to earn work credits while confined in SMU. ECF No. 1 at 4-5. Plaintiff provides no facts to indicate that any earned work credits were taken as a result of the SMU confinement. The South Carolina Supreme Court has recently decided that "an inmate's loss of the opportunity to earn sentence-related credits does not implicate a state-created liberty interest." *Howard v. South Carolina Dep't of Corr.*, 733 S.E.2d 211,217 (S.C. 2012). Therefore, Plaintiff's claim associated with the denial of an opportunity to earn work credits is subject to summary dismissal.

## RECOMMENDATION

It is recommended that the Complaint and Amended Complaint be dismissed without prejudice and without issuance and service of process as to the following Defendants: Kela Thomas, Director of SCDPPPS; Valerie Suber, Parole Exam Manager; Tommy Evans, SCDPPPS Legal Counsel; and Ms. Hough, KCI Grievance Coordinator. Plaintiff's attention is directed to the important notice on the next page.

February 12, 2013                                        s/Bruce Howe Hendricks
Charleston, South Carolina                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).